▪ In the Matter of the Claim of ADOLFA PARTENZA, Respondent, against FRED F. FRENCH INVESTING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow and minor children of a deceased employee, and from a decision of the board denying appellants' application to review the award as made by a referee. Decedent was employed as a porter in an apartment house development operated and maintained by the employer. On January 27, 1951, and while in the course of his employment, he sustained an accidental injury to his right foot which was described by a physician as a cellulitis of the great toe with a small abrasion at the root and plantar surface of the toe. Decedent was treated for this condition up to and including February 7, 1951. He received

no medical treatment between that date and February 18, 1951, the day of his death. However, some members of his family testified that during that interim decedent's right leg was swollen and that he treated himself with wet towels and epsom salts baths. There was also testimony that decedent limped and complained of pain a few hours prior to his death. On the evening of February 18, 1951, decedent suddenly collapsed. His family physician was called but when he arrived he found that the decedent had already expired. Without any knowledge that decedent had suffered an accident to his right foot the family physician certified that the death was due to coronary thrombosis. After claim for compensation had been filed by the widow, indeed after hearings had been held thereon, it was discovered that a coronary thrombosis could not have been the result of the accidental injury. However, it was intimated that death was probably due to a pulmonary embolism instead. The referee directed an additional hearing at which medical testimony could be taken on the issue of causal relationship. Subsequently, medical testimony was adduced in support of claimant's contention that decedent's death resulted from a pulmonary embolism which was causally related to the accident. We find no refutation of this testimony except that appellants point out that it is contrary to the cause of death set forth in the death certificate. The board was not bound to accept the death certificate as final if the circumstances indicated that it was made under a misapprehension. We find nothing in the record except issues of fact which the board had the power to resolve. The refusal of the board to review the award was justified since appellants were given a complete opportunity to refute the testimony of claimant's medical experts had they been so advised. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.